IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kristina McCollum and Keith Baughman,<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | 5:18-cv-00108-MBS<br><br>COMPLAINT |

The Plaintiffs, by and through their undersigned counsel, for a Complaint against the Defendants, does hereby allege as follows:

**JURISDICTIONAL ALLEGATIONS**

1. The Plaintiffs, Kristina McCollum and Keith Baughman, are citizens and residents of Orangeburg County, South Carolina.

2. Plaintiffs bring this complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* and 28 U.S.C. § 1346(b)(1) for money damages as compensation for the injuries sustained by Ms. McCollum, caused by the acts of Darrell Brown, MD and other employees, servants, and agents of the United States Government, working at the Family Health Center, Inc. (Family Health), located in Orangeburg, South Carolina.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because Ms. McCollum resides in Orangeburg County, South Carolina at all times relevant to this Complaint.

4. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims act by giving formal notice in writing to the United States through the filing

of a Form 95 with the Department of Veteran Affairs. The Department of Veteran Affairs denied Plaintiffs' claims on January 3, 2018.

## FACTUAL ALLEGATIONS

5. Plaintiff Kristina suffers from chronic pelvic pain, endometriosis and severe dysmenorrhea.

6. On June 12, 2015, Plaintiff Kristina underwent a laparoscopic hysterectomy in an attempt to alleviate her problems.

7. After that procedure, Dr. Brown noted bleeding endometriosis lesions in the left part of her pelvis. He also noted significant areas of adhesions in the abdomen in the left upper quadrant and right mid abdomen related to her endometriosis.

8. Dr. Brown and Plaintiff Kristina scheduled a laparoscopic hysterectomy with bilateral salpingo-oophorectomy with appendectomy for July 17, 2015.

9. On July 17, 2015, Dr. Brown performed a laparoscopic hysterectomy with bilateral salpingo-oophorectomy with appendectomy.

10. Plaintiff Kristina was discharged on July 18, 2015.

11. On July 21, 2015 Plaintiff Kristina arrived at TRMC emergency room with severe abdominal pain.

12. Later that day, TRMC discharged Plaintiff Kristina with a diagnosis of constipation and abdominal pain and was told to follow up with her primary care physician.

13. On July 23, 2015, Plaintiff Kristina returned to TRMC emergency room with severe abdominal pain, nausea and vomiting.

14. During examination, a CT-scan was positive for possible ureteral injury.

15. Plaintiff Kristina was admitted for repair surgery and waiting to be transferred to MUSC to have the surgery performed.

16. On July 25, 2015, Plaintiff Kristina was transferred and admitted to MUSC for ureteral repair.

17. Plaintiff Kristina underwent the repair surgery wherein two stents and a nephrostomy tube were placed and she was discharged on July 27, 2015.

18. On August 9, 2015, Plaintiff Kristina returned to MUSC with severe dysuria and abdominal pain and it was determined that she had an infection in at her nephrostomy tube site. She was given pain medication and was scheduled to have her nephrostomy tube replaced.

19. On August 12, 2015 the tube was replaced.

20. Ms. McCollum continued treatment with Dr. brown and Family Health Centers through September 3, 2015.

21. As a result of the botched surgery performed by Dr. Brown and the damage he did to Plaintiff Kristina's ureter and the delay in diagnosing the injury, she continues to undergo corrective procedures, has pain and will have to live with the pain for the rest of her life.

Attached as **Exhibit 1** to this Complaint is an affidavit from a qualified expert who will testify as to one or more deviations from the standard of care.

### FIRST CAUSE OF ACTION
**(Negligence)**

22. The Plaintiff re-alleges and reiterates paragraphs one (1) through twenty-one (21) as though fully set forth herein verbatim and further alleges:

23. Defendants and their employees and agents did undertake the duty to render care to Ms. McCollum in accordance with the prevailing and acceptable professional standard of care in the national community.

24. Notwithstanding said undertaking and while Ms. McCollum was under the care of the Defendants, its employees and agents departed from the prevailing and acceptable professional standards of care and treatment of Ms. McCollum and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Ms. McCollum, and they are liable for one or more of the following acts or omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

a. Failure to take the appropriate steps to protect the ureter and account for the high risks associated with performing this particular procedure in a patient such as Plaintiff Kristina;

b. Failing to properly perform this particular procedure; and

c. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

25. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by agents and/or employees of Defendants, Plaintiff suffered from severe debilitating injuries and has suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which Plaintiff is entitled to recover actual damages pursuant to section 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

## FOR A SECOND CAUSE OF ACTION
**(Loss of Consortium)**

26.     The Plaintiffs re-allege and reiterate paragraphs one (1) through twenty-five (25) as though fully set forth herein verbatim and further alleges:

27.     Due to the conduct of the Defendants, Mr. Baughman is entitled to an award of damages as determined by a jury for his loss of consortium from his wife.

WHEREFORE, Plaintiffs respectfully pray for judgment against the Defendants for actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

                                          Respectfully submitted,

                                          s/John G. Felder, Jr.
                                          John G. Felder, Jr.  (Fed ID# 6441)
                                          McGowan, Hood & Felder, LLC
                                          1517 Hampton Street
                                          Columbia, South Carolina 29201
                                          Telephone: (803) 779-0100
                                          Facsimile: (803) 256-0702
                                          jfelder@mcgowanhood.com

Columbia, South Carolina

Dated:  January 11, 2018